United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40220
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 7:00-CR-224-6
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Armando Garcia appeals following his guilty-plea conviction of possession with the intent to distribute over 900 kilograms of marihuana. Garcia argues that the district court erred in failing to reduce his sentence based on his being a minor or minimal participant in the offense and that the court relied on "improper" facts to sentence him to 84 months of imprisonment. Under the 2001 version of U.S.S.G. § 3B1.2, a defendant could have received a re-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

duction in his offense level if it was determined that he was a minimal or a minor participant in the criminal activity. A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group" and who demonstrates a lack of knowledge or understanding of the scope and structure of the enterprise. U.S.S.G. § 3B1.2, comment. (n.4). A "minor participant" is one who is "less culpable than most other participants, but one whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). To merit an adjustment under § 3B1.2, the defendant must have been "substantially less culpable" than the average participant. § 3B1.2, comment. (n.3(A)). But, an adjustment is "not appropriate simply because a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001). We review the district court's determination that Garcia did not play a minor or minimal role in the offense for clear error. See United States v. Brown, 54 F.3d 234, 240 (5th Cir. 1995).

Garcia's role in the offense was that of broker. He had a role in loading the marihuana, and he provided his personal vehicle in furtherance of that role. He admitted that his role included putting a middleman in touch with a commercial driver. The district court did not clearly err by denying Garcia the mitigating-role adjustment. See Miranda, 248 F.3d at 446-47; Brown, 54 F.3d

at 240. There is no factual support in the record for Garcia's assertion that the court used extraneous factors in determining his sentence.

AFFIRMED.